**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NAJUAN DAVIS-COLEMAN,
        Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
        Agency.

DOCKET NUMBER
DE-0752-13-0783-I-1

DATE: June 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keith E. Kendall, Esquire, Carlisle, Pennsylvania, for the appellant.

Dora Malykin, Washington, D.C., for the agency.

Kirk Bateman, Ft. Collins, Colorado, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained her removal for improper conduct. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The agency removed the appellant from her Veterinary Medical Officer position based on the charge of improper conduct with two specifications: providing inaccurate information regarding inspection activities and reporting inaccurate information on her timesheets. Initial Appeal File (IAF), Tab 7 at 12-18 (decision letter), Tab 8 at 4-13 (proposal notice). The agency's deciding official found that the appellant had engaged in a pattern of providing inaccurate reports of her inspection activities and failing to notify licensees/registrants of her findings. IAF, Tab 7 at 12-13. The deciding official noted that the appellant acknowledged misreporting her travel time on January 28, 2013, which she attributed to a delay in departure due to a family medical issue. *Id*. at 13. The deciding official conducted a written analysis of the *Douglas*[2] factors in assessing the appropriate penalty and found that removal was reasonable given, among

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board presented a nonexhuastive list of twelve relevant factors in determining a penalty for an act of misconduct.

other things, the seriousness of the offense, the consistency of the penalty with that imposed on other employees for similar offenses, the detrimental impact to public confidence in the agency's inspection reports, and violation of the trust of the regulated community and the public. *Id*. at 19-21.

¶3        The appellant appealed the removal, arguing that the agency could not meet its burden of proof supporting the removal and that the decision to remove her was not in accordance with law. IAF, Tab 1 at 6. She argued that the removal penalty was too severe given unspecified mitigating circumstances in her case. *Id*. She also claimed the affirmative defense of harmful procedural error, arguing that the agency had erred in treating her "performance problems as 'misconduct.'" IAF, Tab 28 at 6, Tab 31 at 1. Although the appellant did not contest the administrative judge's order and summary of the telephonic prehearing conference finding only one alleged affirmative defense, *see* IAF, Tab 31 at 1, she argued during the hearing that the agency had retaliated against her for requesting a reasonable accommodation for a disability relating to her status as caregiver for her mother, Hearing Compact Disc (HCD).[3] In her deposition prior to the hearing,[4] the appellant testified that she "made some mistakes," but asserted that none were deliberately done to hurt the government, and thus removal was an unreasonable penalty. IAF, Tab 45 at 30.

¶4        After holding the requested hearing, the administrative judge affirmed the removal action. IAF, Tab 50, Initial Decision (ID). Noting that proof of one specification supporting a charge may suffice to sustain it, the administrative judge focused on the allegations that the appellant provided inaccurate inspection reports on September 27, 2012, and December 14, 2012, because the deciding

---

[3] In her initial appeal, the appellant generally alleged that the agency committed a prohibited personnel practice by removing her in retaliation for protected activity under 5 U.S.C. § 2302(b)(1), but did not identify the alleged protected activity. *See* IAF, Tab 1 at 6.

[4] The agency submitted a complete deposition transcript in its prehearing submission.

official testified that this alleged misconduct was his primary focus. ID at 5. In her notice of proposed removal, the appellant's supervisor alleged that she issued an inspection report on these two occasions without first conducting the required inspection. IAF, Tab 8 at 5. The supervisor found that the appellant did not visit the first facility in question and issued a report in the second instance after merely speaking to the facility director via telephone and not conducting an investigation of his report. *Id.* The administrative judge sustained the improper conduct charge, finding that the agency proved the specification of submitting inaccurate inspection reports by preponderant evidence. ID at 4-11. The administrative judge found that the agency proved a nexus between the misconduct and the efficiency of the service, and that the penalty of removal was reasonable because the record showed that the agency weighed the relevant factors and exercised management discretion within tolerable limits of reasonableness. ID at 11-14. Finally, the administrative judge found that the appellant failed to prove her affirmative defenses of reprisal for requesting a reasonable accommodation for a disability and harmful error. ID at 14-18.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        On review, the appellant argues that the agency's application of its Guide for Disciplinary Penalties, which grants the agency "unfettered and purely subjective discretion," constituted harmful error. Petition for Review (PFR) File, Tab 3 at 6. She argues that the agency's misapplication of the *Douglas* factors was a decision not in accordance with law under 5 U.S.C. § 7702(c)(2)(C), because the deciding official identified four mitigating factors but allegedly implied that he only considered a single mitigating factor at the penalty phase by using the singular term "that factor." *Id.* at 6-7, 10-22. The appellant asserts that the agency and the administrative judge did not consider the inadequate 3-day training provided by the agency when she started in September 2010, which

included only 2.5 hours of training concerning inspections and reports, and argues that her mistake was therefore the "equivalent of excusable neglect." *Id*. at 7-9.

¶6    The agency responds that the appellant failed to show that the initial decision contains erroneous findings of material fact or conclusions based on erroneous interpretation of a statute or regulation.  PFR File, Tab 6 at 9-21.  The agency argues that the administrative judge gave appropriate weight to the deciding official's testimony that he considered the relevant *Douglas* factors, and correctly found the removal penalty within the reasonable bounds of management discretion.  *Id*. at 11-16.  Moreover, the agency argues that the appellant did not raise her training argument below and that, even if it were properly before the Board on review, the record evidence demonstrates that this argument does not provide a basis for reversing the initial decision.  *Id*. at 21-22.

¶7    The administrative judge properly sustained the charge of improper conduct.  On review, the appellant does not deny that she submitted inaccurate inspection reports and she does not contest the administrative judge's findings on this issue.  *See* PFR File, Tab 3.  Rather, she asserts that her inaccurate reports should be "characterized as no more than excusable neglect" and do not justify her removal.  *Id*. at 11.  The appellant does not appear to challenge, and we discern no reason to disturb, the administrative judge's finding on nexus.  *See* PFR File, Tab 3; *see also* ID at 11-12.

¶8    We find unpersuasive the appellant's arguments regarding the reasonableness of the penalty and the alleged incorrect and unlawful weighing of the *Douglas* factors by the deciding official.  PFR File, Tab 3 at 7-9.  Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Where the sole agency charge is sustained, the Board will review the agency-imposed penalty only to determine whether the agency considered the relevant *Douglas* factors and exercised management discretion within the tolerable limits of reasonableness. *See Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010).

¶9 The administrative judge found the deciding official's testimony concerning his thorough analysis of the *Douglas* factors persuasive, and the appellant has not presented sufficiently sound reasons on review to overturn the administrative judge's findings concerning the reasonableness of the penalty. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the direct observation of the witnesses' demeanor). As noted in the initial decision, the deciding official testified that the appellant's high level of unsupervised contact with the public and his inability to trust her after the misconduct weighed heavily in his decision to remove her. ID at 14. On review, the appellant argues that the deciding official considered only the mitigating factor of her mother's illness, despite his written findings and testimony to the contrary. PFR File, Tab 3 at 6-7; IAF, Tab 7 at 12-21; *see* HCD. We disagree. In his letter of decision, the deciding official specifically noted the mitigating factors of the appellant's length of federal service, lack of prior discipline, satisfactory approval ratings, and the "major mitigating factor" of her mother's health, but found that the misconduct was severe enough to warrant removal. IAF, Tab 7 at 15. In addition, the record demonstrates that the deciding official considered and specifically addressed each of the twelve *Douglas* factors prior to the removal decision. *Id*. at 19-21. We have considered the appellant's arguments regarding the penalty analysis but conclude that they constitute mere disagreement with the administrative judge's findings based on the hearing testimony and the written record. *See* PFR File, Tab 3 at 10-22. Although the appellant argues for the first time on review that she received inadequate training

when she started her position in 2010, she has neither established a reason for the Board to consider this new argument, *see* 5 C.F.R. § 1201.115(d), nor alleged facts supporting a finding that her alleged lack of training contributed to her improper conduct, *see* PFR File, Tab 3 at 7-9; *see also* IAF, Tab 8 at 18-20.

¶10      The appellant does not contest the administrative judge's finding that she failed to prove her affirmative defense of reprisal for requesting a reasonable accommodation for a disability, and we see no reason to disturb this finding. *See* PFR File, Tab 3. Although discussed in the context of the *Douglas* factors, the appellant repeats her assertion that her alleged misconduct was actually akin to performance issues. *Id.* at 9. She does not directly challenge the administrative judge's finding that the agency's treatment of her actions as misconduct, rather than as performance-based, did not constitute harmful procedural error, and she merely repeats the assertion made during hearing testimony. *Id.*; *see* HCD. Moreover, her bare assertion fails to support any argument of harmful procedural error. As a result, we find no reason to disturb the initial decision on this point.

¶11      On review, the appellant also raises a new harmful error argument, alleging that the agency's Guide for Disciplinary Penalties gives the agency "unfettered discretion to remove an employee for all acts of alleged misconduct except for the most innocuous." PFR File, Tab 3 at 16. She argues that such discretion violates her right to adequate notice of the offense to which she was charged and the potential penalty for the violation. *Id.* The Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see also* 5 C.F.R § 1201.115(d). The appellant has not shown that she was unable to raise this argument below.

¶12      Even if the appellant had raised this argument below, it does not warrant a different outcome. In contrast to the appellant's argument that the penalty guide is itself in error because it gives unfettered discretion to the agency, *see* PFR File,

Tab 3 at 16, the agency must prove that the removal promotes the efficiency of the service, including that it properly exercised its discretion in imposing a reasonable penalty, *see* 5 U.S.C. § 7513(a); *see also Ellis*, 114 M.S.P.R. 407, ¶¶ 8, 11. Further, the appellant mischaracterizes the penalty guide in stating that it directs "other (non-disciplinary) action should be taken" for unintentional false statements or incorrect official documents. PFR File, Tab 3 at 16-17. The record shows that the cited guidance pertains to unintentionally inaccurate entries on an application for employment or personal history record. *Id*.; IAF, Tab 13 at 50. In contrast, the guide states that the penalty for a first offense of misrepresentation or falsification of documents in connection with an official matter ranges from a letter of reprimand to removal. IAF, Tab 13 at 51. Thus, we find that the deciding official consistently applied the penalty guide when upholding the appellant's removal for intentionally submitting inaccurate inspection reports.[5] To the extent that the appellant alleges a due process violation, we note that the record evidence shows that she substantively responded in writing to the notice of proposed removal, and that both she and her supervisor testified to their in-person meetings regarding the misconduct and subsequent agency action. IAF, Tab 7 at 24-29; *see* HCD. Thus, the record indicates that the appellant had a meaningful opportunity to respond to the proposed removal and she was not denied due process. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (the process due a tenured public employee prior to removal includes oral or written notice of the charge against her, an explanation of the employer's evidence, and an opportunity to present her side of the story).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

---

[5] The administrative judge found that the record proved by preponderant evidence that the appellant's actions and false inspection reports were intentional. ID at 6-11.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color,

religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                 _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.